I agree with the majority that the trial court committed reversible error in admitting the "mug shot" into evidence. However, I do not agree that the trial court erred when it denied Long's request to instruct the jury on homicide by vehicle.
Under the facts of this case, I would hold that vehicular homicide is not a lesser included offense of murder. In my opinion, the facts establishing the offense charged here, murder, did not also establish vehicular homicide, and, therefore, I conclude that this fact situation is distinguishable from that in Jordan.
"Homicide by vehicle" is defined as follows:
 "Whoever shall unlawfully and unintentionally cause the death of another person while engaged in the violation of any state law or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic shall be guilty of homicide when such violation is the proximate cause of said death."
§ 32-5A-192, Ala. Code 1975. (Emphasis added.)
I would have difficulty holding that, just because a motor vehicle was the instrumentality that caused Simmons's death, the proximate cause of his death was the violation of a traffic ordinance. I am, therefore, satisfied that the trial court's charge to the jury was adequate and that that court did not err in denying the requested instruction.
Therefore, I concur in the result, although I see no error regarding the requested instruction.